Dear Representative McDonald:
You have requested the opinion of this office on the following issues:
 1. May the Board of Commissioners of a Hospital Service District (the "Hospital" legally contract with a physician to locate and provide services at the Hospital and include in that contract an option to sell a building owned by the Hospital to the physician?
 2(a) Must the Board of Commissioners of a Hospital Service District publish in their agenda the various subjects to be discussed in an executive session for strategic planning called pursuant to LSA-R.S. 46:1071 et seq.?
 (b) Are the general subjects of patient complaints, doctor's complaints about nursing services, doctor's contracts, and emergency room complaints appropriate subjects for executive sessions specifically called for "strategic planning"?
The Board of Commissioners of the Hospital may not sell immovable facilities of the district without first obtaining the approval of the voters in the area comprising the district in a referendum election on that issue. Opinion 94-443 of this office has previously addressed this issue and I enclose a copy of that opinion for your reference.
In regard to your second inquiry, we direct you to LSA-R.S.46:1073 which states:
 A. In addition to powers and duties otherwise provided and notwithstanding any law to the contrary, a hospital service district may develop marketing strategies for its existing hospital health services or any hospital health service to be provided in the future and may develop strategic plans for the development of any future hospital health service or facility.
 B. Notwithstanding the provisions of R.S. 42:4.1 et seq. or any other law to the contrary, a hospital service district commission may hold an executive session for the discussion and development of marketing strategies and strategic plans.
 C. Notwithstanding the provisions of R.S. 44:1 et seq. or any other law to the contrary, any marketing strategy and strategic plan of a hospital service district commission and the facility owned or operated by the district shall not be public record and shall be confidential but shall be subject to court subpoena.
These provisions allow a hospital service district the option to hold an executive session to discuss and develop marketing strategies and strategic plans. However, as indicated in Subpart (B), this provision must apply consistently with LSA-R.S. 42:4.1et seq., the Open Meetings Law.
As part of the Open Meetings Law, LSA-R.S. 42:6 provides:
 A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:6.1
shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8.
What must be provided as notice to the public by the public body is outlined in LSA-R.S. 42:7 which, in applicable part, mandates:
 A. (1)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.
 (b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
 (ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
 (iii) Following the above information there shall also be attached to the written public notice of the meeting, whether or not such matters will be discussed in an executive session held pursuant to R.S. 42:6.1(A)(2):
 (aa) A statement identifying the court, case number, and the parties relative to any pending litigation to be considered at the meeting.
 (bb) A statement identifying the parties involved and reasonably identifying the subject matter of any prospective litigation for which formal written demand has been made that is to be considered at the meeting.
 (iv) In cases of extraordinary emergency, such notice shall not be required; however, the public body shall give such notice of the meeting as it deems appropriate and circumstances permit.
 (2) Written public notice given by all public bodies, except the legislature and its committees and subcommittees, shall include, but need not be limited to:
 (a) Posting a copy of the notice at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held; or by publication of the notice in an official journal of the public body no less than twenty-four hours before the meeting.
 (b) Mailing a copy of the notice to any member of the news media who requests notice of such meetings; any such member of the news media shall be given notice of all meetings in the same manner as is given to members of the public body.
The agenda requirements of LSA-R.S. 42:7 apply to all open meetings of the Board of Commissioners, whether or not such matters will be discussed in an executive session. However, the agenda need only be reasonably clear so as to advise the public in general terms of each subject to be discussed. Opinion 93-230. If the topic to be discussed in executive session concerns strategic plans or marketing strategy pursuant to LSA-R.S. 46:1073, it is our opinion that the agenda for that meeting need only identify that the subjects to be discussed are strategy concerns related to the purposes of LSA-R.S. 46:1071et seq. This would give proper notice to the public of the sensitive nature of the session and direct them to the provisions pertinent to subject confidentiality. Anything further may jeopardize the legislative intent behind LSA-R.S.46:1071 et seq.
Subpart (b) of your second question asks whether certain complaints and contracts are appropriate subjects for executive sessions called pursuant to LSA-R.S. 46:1073. Without more information, it would be difficult to deduce whether these items "enhance the ability of a hospital service district to compete effectively and equally in the market for health care services", and thereby constitute a valid and protected portion of a strategic plan. LSA-R.S. 46:1071.
However, we direct you to LSA-R.S. 42:6.1 which provides for exceptions to open meetings and, in part, states:
 A. A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons:
 (1) Discussion of the character, professional competence, or physical or mental health of a person, provided that such person is notified in writing at least twenty-four hours before the meeting and that such person may require that such discussion be held at an open meeting, and provided that nothing in this Subsection shall permit an executive session for discussion of the appointment of a person to a public body. In cases of extraordinary emergency, written notice to such person shall not be required; however, the public body shall give such notice as it deems appropriate and circumstances permit.
 (2) Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
 (3) Discussion regarding the report, development, or course of action regarding security personnel, plans, or devices.
 (4) Investigative proceedings regarding allegations of misconduct.
 (5) Cases of extraordinary emergency, which shall be limited to natural disaster, threat of epidemic, civil disturbances, suppression of insurrections, the repelling of invasions, or other matters of similar magnitude.
It is conceivable that complaint reviews regarding hospital staff and services would involve a discussion of the character or professional competence or a person's certain instances of alleged misconduct. Additionally, the discussion of a doctor's contract is arguably a strategy session or negotiation that may involve collective bargaining or one of the other identified possibilities.
Whether or not these general subjects fall within the purview of LSA-R.S. 46:1073, they may be the subject of one of the exceptions to the open meetings laws pursuant to LSA-R.S. 42:6.1
depending on the facts involved. Therefore, the holding of an executive session may still be legal and proper even if strategic planning is not at issue.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla
Date Received:
Date Released:
Glenn R. Ducote Assistant Attorney General